UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott McCoy,

    Petitioner,

    v.

George Crutchfield,
Warden, Warren Correctional
Institution,

    Respondent.

Case No.: 1:13-cv-309

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on the May 7, 2014 Report and Recommendation ("R&R") of the Magistrate Judge. (Doc. 12).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).[1]  Petitioner filed Objections to the R&R. (Doc. 13). For the reasons stated below, the Court OVERRULES Petitioner's Objections, and the Magistrate Judge's R&Rs is ADOPTED in its entirety.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

---

[1] Notice was attached to the Report regarding objections. (Doc. 12, PAGEID # 1266-67).

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

In his objections, Petitioner reasserts the same arguments made in his Traverse. As to Ground One, Petitioner argues that the trial court's refusal to conduct a reliability hearing deprived him of due process. However, as the Magistrate Judge explained, Petitioner has not cited any clearly established precedent of the United States Supreme Court which establishes that the admission of testimony of a "cooperating witness" is constitutionally forbidden or that a trial court is obliged to conduct a reliability hearing to determine the admissibility of such evidence.

As to Ground Two, Petitioner argues that his convictions were based on insufficient evidence. However, as the Magistrate Judge explained, Petitioner has not shown that "the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (per curiam).

As to Ground Three, Petitioner argues that he was denied a fair trial based on the way in which the trial court handled the jury's request to have testimony re-read and the delivery of a *Howard* instruction. As the Magistrate Judge explained, the Supreme Court has not decided that the Constitution requires any particular way of handling requests from the jury to provide transcripts. *Accord Friday v. Straub*, 175 F. Supp. 2d 933, 940 (E.D. Mich. 2001). The Magistrate Judge also explained that the Sixth Circuit has approved the language in a *Howard* instruction. *Brown v. Bradshaw*, 531 F.3d 433, 437 (6th Cir. 2008) (supplemental jury instruction given by Ohio trial court was no more coercive than the standard *Allen* charge).

As to the Fourth Ground, Petitioner objects to the Magistrate Judge's conclusion

that Petitioner's convictions do not violate the Double Jeopardy Clause.  As the Sixth Circuit has explained, in *State v. Johnson*, 128 Ohio St. 153 (Ohio 2010), the Ohio Supreme Court "changed more than a decade of Ohio allied-offenses jurisprudence." *Volpe v. Trim*, 708 F.3d 688, 703 (6th Cir. 2013).  However, as the Magistrate Judge explained, because the Ohio Supreme Court's decision in *Johnson* was decided after the court of appeals affirmed Petitioner's conviction, Ohio courts consider the new test for allied offenses under *Johnson* inapplicable to Petitioner's case.

Finally as to the Fifth Ground, Petitioner objects to the Magistrate Judge's conclusion that a claim of ineffective assistance of appellate counsel would have failed because Petitioner's trial counsel failed to object at trial to the use of the deposition.  "Under Ohio's contemporaneous objection rule, the failure to object to the trial error . . . waives all but plain error on appeal."  *Conway v. Houk*, No. 2:07-CV-947, 2009 WL 891753, at *16 (S.D. Ohio Mar. 31, 2009) (and cases cited therein).  Therefore, as the Magistrate Judge explained, Petitioner has failed to show that there was a reasonable probability that he would have prevailed had the claim been raised on appeal by appellate counsel.

Based on the foregoing, the Magistrate Judge's R&R (Doc. 12) is **ADOPTED** in its entirety.  Accordingly, the Court **ORDERS** as follows:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DISMISSED with prejudice;

2. A certificate of appealability shall not issue with respect to the claims alleged in the petition, which have been adjudicated on the merits herein, because they do not rise to the level of a "viable claim of the denial of a constitutional right" and are not "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

3. With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore Petitioner is DENIED leave to appeal in forma pauperis upon a showing of financial necessity.  See Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**.

    */s/ Michael R. Barrett*
United States District Judge